DANIEL TAYLOR & OTHERS *v.* RUTLAND, MENDON & OTHER TOWNS.

*Petition to take the franchise of a Turnpike Co. Rule of apportionment, when it is in several towns.*

In apportioning the expense of making a turnpike, under the provisions of the statute a free road, where the same is in several towns, it is the value of the franchise lying in the several towns, which should be the governing rule in the apportionment.

PETITION under the statute, (Comp. Stat. 174, Chap. 22 § 68 and 69,) for taking the franchise of a certain Turnpike company lying partly in Rutland and several other towns. The facts and the questions raised and passed upon, sufficiently appear in the opinion of the court, which was delivered by CHIEF JUSTICE REDFIELD.

*C. L. Williams* for petitioners.

*W. H. Smith* for Rutland.

BY THE COURT, REDFIELD, Ch. J.—This is a proceeding by petition to take the franchise of a Turnpike company lying partly in all the towns, but very unequally, and much less in Rutland, than in the other towns. The committee have appraised the franchise, at a sum, which seems to be satisfactory to all concerned. The only question made is, in regard to the rule of apportionment among the several towns. The statute allowing the franchise to

be taken is not specified, as to the mode of apportionment of damages, between different towns. The statute, (Comp. Stat. 174, Chap. 22 § 68,) provides, that the franchise may be taken, the same as other estate in lands, "and the same rules shall be observed, in making compensation, as are now granted, and provided, in other cases." The committee say, "that in making the apportionment, they had reference to the benefit to be derived to said towns, by the establishment of said highway, and adopted, as a general basis of the apportionment the respective grand lists of said towns, believing, that this afforded, as equitable an apportionment, as could be adopted, to meet the views, and opinions, of the committee."

This may indeed be very obviously proper; but the inference is not as natural a one as could be desired. If the purpose of the committee had been to apportion the burden according to the ability of the several towns, the course taken is a very intelligible one. For there is an apparent connexion between the premises and the conclusion. But how there is any general connexion, between the grand list of several towns, and the benefit to arise to such towns, by converting a turnpike into a free road, is certainly not very obvious. And although it may be true, that in this instance they happen to coincide, the coincidence must be regarded, as rather fortuitous, than necessary, or natural, as it seems to us.

As there is then no connexion, between the benefit to the towns and the amount of the grand lists of such towns respectively, we think such a false basis of apportionment should be stricken out of the report, lest it might hereafter be drawn in as a rule of apportionment, fixed by this court.

It seems to us, that it is the value of the franchise, lying in the several towns, rather than the benefit to be derived, by the towns, from making the turnpike a free road, which should be the governing rule in the apportionment. The benefit here spoken of is not, we suppose, a corporate benefit. For in that sense the thing is more a burden, than a benefit. But it is probably meant, a benefit to the inhabitants and to the business by the use. And hence there may be an evident coincidence, between the value of that portion of the franchise, in a town, and the relative benefit to the town, but being merely accidental, the case should rather be left to stand upon the value of the franchise.

And hence it is sufficiently obvious, that the rule proposed by

Taylor et al. *v.* Rutland et al.

the town of Rutland, to appraise according to the length of way, is not a just one.   It is apparent, that the portion of the road, near a populous town, must be far more valuable, than one in a remote mountain district, of the same length.   So that, in fact, the actual value of the franchise, in the several towns, may come at very much the same, as the present apportionment.·  But we think the case should be recommitted, to the committee, to apportion the franchise, according to the value of the portions, lying in the respective towns.

Report set aside and recommitted for a new apportionment.